**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MAMIE MCGHEE;WILLIAM MCGHEE,
by and through his conservator,
Mamie McGhee,
<u>Plaintiffs-Appellants,</u>

v.

No. 97-2588

DIRECTOR, DEPARTMENT OF MENTAL
HEALTH AND HYGIENE; DIRECTOR,
PRINCE GEORGE'S COUNTY
DEPARTMENT OF SOCIAL SERVICES,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CA-97-673-Y)

Argued: June 4, 1998

Decided: July 7, 1998

Before WILKINSON, Chief Judge, MURNAGHAN, Circuit Judge,
and SMITH, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William Anthony Isaacson, BOIES & SCHILLER,
L.L.P., Washington, D.C., for Appellants. John Francis Lessner,

Assistant Attorney General, Baltimore, Maryland, for Appellees. **ON BRIEF:** Ron M. Landsman, Bethesda, Maryland; Bruce Vignery, AMERICAN ASSOCIATION OF RETIRED PERSONS, Washington, D.C., for Appellants. J. Joseph Curran, Jr., Attorney General of Maryland, Elizabeth M. Kameen, Assistant Attorney General, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff Mamie McGhee brings this action under 42 U.S.C. § 1983 for declaratory and injunctive relief on her own behalf and as conservator of her husband, William McGhee. She alleges that defendants Maryland Department of Health and Mental Hygiene and the Prince George's County Department of Social Services (collectively "the State") have misapplied federal Medicaid law, namely 42 U.S.C. § 1396r-5, which governs the distribution of income between nursing home residents and their spouses who continue to reside in the community. She is also pursuing a Maryland state court action for benefits. We remand the case with instructions to stay this action pending resolution of the state court litigation.

I.

Since July 19, 1993, William McGhee has lived in a nursing home in Largo, Maryland, while Mamie McGhee has continued to live in the couple's home in Washington, D.C. Mr. McGhee was granted Medicaid coverage effective November 1, 1993. In late 1994, Mrs. McGhee petitioned the Superior Court of the District of Columbia for an income support award from her husband's retirement benefits to supplement her own income. On December 2, 1994, that court awarded her $956.90 a month in support.

2

On December 7, 1994, Mrs. McGhee presented the D.C. court order to the State, requesting that it implement the support order as a community spouse monthly income allowance ("CSMIA") under Medicaid. Before the State acted, on January 19, 1995, Mrs. McGhee initiated administrative review of her request, charging that the State had delayed considering her request for a CSMIA and seeking a summary decision in her favor. The State responded with a cross motion for summary decision, arguing that the D.C. support order was immaterial to the State's threshold determination that Mrs. McGhee was ineligible for a CSMIA. The State's motion was granted on April 17, 1995, and Mrs. McGhee was denied benefits. While the appeal from this administrative ruling was pending, Mrs. McGhee filed suit in federal court, which was dismissed without prejudice on ripeness grounds. On January 17, 1997, the initial state administrative decision was affirmed.

In the meantime, however, Mrs. McGhee had filed a second application for a CSMIA, which was denied by the local department by Notice dated October 22 and December 30, 1996. On March 6, 1997, Mrs. McGhee filed the present action in federal district court. On May 30, 1997, a state Administrative Law Judge ("ALJ") affirmed the decision of the local department denying the CSMIA for the second time. Mrs. McGhee's appeal of this denial to the Circuit Court of Maryland has been held in abeyance pending resolution of Mrs. McGhee's federal case.

The district court dismissed this action as moot in light of the May 30, 1997 ruling by the state ALJ. The court reasoned that the ALJ "has, in essence, granted McGhee's requested relief by holding that the local department must consider a foreign court's support order in calculating a CSMIA once the department has determined the applicant's eligibility for a CSMIA in any amount." Mrs. McGhee now appeals.

II.

At bottom, this case presents a complex question of the proper interpretation of Medicaid law, 42 U.S.C. § 1396r-5(d)(5). That section provides:

3

> If a court has entered an order against an institutionalized spouse for monthly income for the support of the community spouse, the community spouse monthly income allowance for the spouse shall not be less than the amount of the monthly income so ordered.

Mrs. McGhee contends this section plainly entitles her to a CSMIA of $956.90, the amount of the D.C. court support order, irrespective of the State's system for determining whether she is eligible for any CSMIA at all. The State insists that this section does not displace its independent authority to determine Mrs. McGhee's eligibility for a CSMIA as a threshold matter. Rather the section requires the State to take the support order into account if, and only if, Mrs. McGhee is found eligible for a CSMIA in the first place. We agree with the district court that this controversy is not presently justiciable, but we differ in our reasoning for that conclusion.

The district court's mootness ruling appears to have rested on a misunderstanding of the relief Mrs. McGhee is seeking -- she seeks a declaration that she is entitled to a CSMIA of $956.90 because of the D.C. support order whether or not the local department would otherwise deem her eligible for a CSMIA. This relief is yet to be forthcoming from the state system; the ALJ only said what the State has said all along, that Mrs. McGhee was "entitled to have the local department consider the D.C. court's support order .. . if, and when, the local department first calculates a CSMIA and Recipient's available income." Mrs. McGhee has appealed this ruling to the Maryland courts.

Thus, far from being moot, Mrs. McGhee's claim is not yet ripe enough for us to render any decision on this significant question of statutory interpretation. As the Supreme Court has just recently reaffirmed, "A claim is not ripe for adjudication if it rests upon `contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. United States , 118 S. Ct. 1257, 1259 (1998) (quoting Thomas v. Union Carbide Agricultural Prods. Co., 473 U.S. 568, 581 (1985)) (other citation omitted). Mrs. McGhee's appeal from the ALJ's decision of May 30, 1997 is still pending in the Maryland courts. Thus the possibility remains that she will receive benefits from the State, and the injury of which she complains

4

remains contingent upon future events. If Maryland were to find Mrs. McGhee eligible for benefits for whatever reason, then we would have no occasion to resolve this case. In such circumstances, "[f]ederal ripeness doctrine . . . counsels against adjudication of questions that might be altered or dissolved by further action in the state court." Crestar Mortgage Corp. v. Peoples Mortgage Co., 818 F. Supp. 816, 820 n.5 (E.D. Pa. 1993) (citing Charles A. Wright et al., Federal Practice and Procedure § 3532.1, at 122 (1984)).

In addition, application of the familiar balancing test for ripeness indicates that we should not yet render a decision in this case. In evaluating the ripeness of claims for judicial review, courts balance "the `fitness of the issues for judicial decision' and the `hardship to the parties of withholding court consideration.'" Ohio Forestry Ass'n, Inc. v. Sierra Club, 118 S. Ct. 1665, 1670 (1998) (quoting Abbot Laboratories v. Gardner, 387 U.S. 136, 149 (1967)). We cannot deny that delaying consideration of Mrs. McGhee's claim will cause her some hardship. Of course, she hopes for a favorable outcome in federal court and would rather have it sooner than later. But the hardship prong of the ripeness test would be meaningless if injury to the general interest in prompt relief, an interest surely shared by all plaintiffs, constituted the kind of hardship that trumped every other consideration and required immediate resolution of this case.

Two significant factors counsel awaiting state court action in this case. First, delaying decision will accommodate separation of powers concerns by providing an opportunity for briefing on the underlying statutory question from the Health Care Financing Administration ("HCFA"), the federal agency charged with overseeing Medicaid. The parties to this action both claim that HCFA materials support their -- differing -- interpretations of the statute. Should the merits of this controversy be presented to the district court again following remand, the court should solicit HCFA's views on the proper interpretation of § 1396r-5(d)(5).

Second, staying any decision pending final state court action is consistent with the dual federal-state nature of the Medicaid system and helps preserve the states' important role in administering the program. Because Mrs. McGhee has already appealed to the state courts, basic notions of federalism and comity counsel that the state system

5

should first make a final determination of her eligibility for a CSMIA. These basic principles have special salience in the context of the Medicaid system. Although Medicaid is governed principally by federal law, the system is one in which state governments are intimately involved, having front-line responsibility for its implementation. See Virginia Hospital Ass'n v. Baliles, 868 F.2d 653, 665 (4th Cir. 1988) ("[T]he Medicaid Act reveal[s] Medicaid to be the subject of both state and federal concern."), aff'd sub nom. Wilder v. Virginia Hospital Ass'n, 496 U.S. 498 (1990); cf. also New York State Dept. of Social Servs. v. Dublino, 413 U.S. 405, 413 (1973) (recognizing state prerogatives under AFDC's analogous "cooperative federalism"). In order to avoid any federal-state friction, a stay of Mrs. McGhee's federal suit pending final action on her state eligibility appeal is appropriate.

III.

For the foregoing reasons, the judgment of the district court is vacated and the case is remanded with instructions to stay the suit pending the resolution of state proceedings.

VACATED AND REMANDED

6